BRÍGIDO BERRÍOS RODRÍGUEZ, peticionario y recurrente, *v.* COMISIÓN DE MINERÍA DE PUERTO RICO, demandada y recurrida.

*Número:* R-70-266      *Resuelto:* 6 de mayo de 1974

*Pagán, Pagán & Berríos Pagán,* abogados del peticionario y recurrente; *Gilberto Gierbolini, Procurador General, Federico Rodríguez Gelpí y Dolores Ruiz de Zambrana, Procuradores Generales Auxiliares,* abogados de la demandada y recurrida.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Al recurrente le fue denegada por la Comisión de Minería de Puerto Rico una solicitud de permiso exclusivo para estudio y exploración de hidrocarburos (gas y petróleo) en la zona de Santa Isabel. La decisión adversa de dicha agencia administrativa le fue notificada al peticionario Berríos el 23 de diciembre de 1968, pero no le fue notificada a su abogado hasta el 14 de enero de 1969. El día 28 de este mismo mes de enero el peticionario radicó recurso de revisión ante la Sala de San Juan del Tribunal Superior al amparo del Art. 7 de la Ley de Minas que es la Núm. 9 de 18 de agosto de 1933 (28 L.P.R.A. sec. 118), según modificado por la Ley Núm. 115 de 26 de junio de 1958 (4 L.P.R.A. sec. 35). La Sala de San Juan desestimó el recurso por haberse radicado pasado el término de 30 días dispuesto en el citado Art. 7. Al así actuar computó el término apelativo partiendo de la notificación a la parte, y no a su abogado que se hizo más tarde. Dicho Art. 7 de la Ley de Minas (28 L.P.R.A. sec. 118) ordena: "Las decisiones y determinaciones de la Comisión serán finales e inapelables excepto aquellas con respecto a cuestiones de derecho, así como con respecto a la compensación de los dueños del suelo o de cualquier derecho real sobre tal inmueble contra las cuales podrá apelar cualquier parte afectada para ante el Tribunal . . . ."

La Ley de Minas guarda silencio en cuanto a si la decisión ha de notificarse al propio peticionario o al abogado que lo representa. No así las Reglas de Procedimiento Civil que dirigidas a la solución "justa, rápida y económica" de los procedimientos de naturaleza civil ante el Tribunal General de Justicia ordenan en la 67.2: "Siempre que una parte haya comparecido representada por abogado, la notificación se hará al abogado, a menos que el tribunal ordene que la notificación se haga a la parte misma." Nada impide, sin

embargo, que en casos apropiados se adopten normas de las Reglas de Procedimiento Civil para guiar el curso del proceso administrativo, cuando aquellos principios propicien la solución justa. *Martínez* v. *Tribunal Superior*, 83 D.P.R. 717, 722–23 (1961).

■ Si bien en *Caparra Country Club* v. *Junta de Planificación*, 74 D.P.R. 74 (1952), se sostuvo la corrección de una notificación a la parte interesada, en vez de a su abogado, el precedente jurisprudencial no puede separarse de la circunstancia de proveerse en la ley y en el Reglamento de Planificación, como no se provee en la legislación de Minas, que la notificación se hará a todo funcionario o individuo interesado a cuyos fines la parte directamente interesada ha de suministrar su dirección exacta. 23 L.P.R.A. sec. 18; 23 R.&R.P.R. sec. 4–44.

■ Sólo por excepción expresamente autorizada, y aun así con renuencia, puede aceptarse como suficiente la notificación a una parte ignorando a su abogado. Una vez provisto por estatuto el recurso de apelación, tanto en lo administrativo como en la litigación civil, es parte del debido proceso de ley y por tanto la notificación al abogado que interviene en representación de persona interesada es indispensable en todas las etapas. Y si la apelación se da sobre cuestiones de derecho únicamente, ¿cómo esperar que la parte que ha contratado un abogado para que proteja sus intereses tenga una percepción informada superior a la del técnico en la ley que le permita tomar una decisión correcta frente a la denegación de su derecho? Evidentemente este fue el criterio que animó a la Comisión de Minas a notificar directa y personalmente al abogado del recurrente tres semanas después de haber notificado a su cliente. No fue éste ui acto inútil sino eficaz y propio, y es a partir de esta última notificación que debe contarse el término para la apelación administrativa.

· *Se revocará la sentencia del Tribunal Superior y se devol-*

*verá el caso a la sala de origen para continuación de procedimientos acordes con esta opinión.*