JOSÉ M. SANTIAGO DÁVILA, lesionado recurrido, *v.* FONDO DEL SEGURO DEL ESTADO, asegurador recurrente.

*Número:* O-82-432      *Resuelto:* 1 de diciembre de 1982

*José M. Fernández Luis,* abogado del recurrente; *Enrique Irizarry Ortiz,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El trabajador lesionado José M. Santiago Dávila, mientras se encontraba en funciones de su empleo se vio envuelto en un accidente de tránsito el día 19 de diciembre de 1980. Reportado al Fondo del Seguro del Estado y habiendo recibido el correspondiente tratamiento médico fue dado de alta el día 1ro de octubre de 1981. El Fondo le concedió, el 18 de enero de 1982, un treinta y cinco (35) por ciento de incapacidad por la rodilla de la pierna derecha y, en adición, un treinta (30) por ciento de incapacidad de las funciones fisiológicas generales por tromboflebitis en la pierna izquierda, habiendo ascendido la compensación y tratamiento brindado por el Fondo al señor Santiago Dávila, a la suma de $25,529.88.

No conforme el trabajador lesionado con la decisión emitida por el Fondo del Seguro del Estado apeló en tiempo para ante la Comisión Industrial de Puerto Rico mediante la radicación de un escrito de apelación que, en lo pertinente, lee como sigue:

1. Que sufrió un accidente del trabajo.
2. Que no está conforme con la decisión del Administrador del Fondo del Seguro del Estado en el presente caso notificada en 18 de enero de 1982, por lo que se apela de la misma.
POR TODO LO CUAL, de la Honorable Comisión Industrial, muy respetuosamente, se solicita la celebración de una Vista Médica y/o Vista Pública para que se declare en favor de la parte obrera lo que en derecho proceda.

En dicho escrito —el cual es un formato— se indica tanto la dirección del trabajador lesionado como la de su abogado. La Comisión Industrial de Puerto Rico señaló, acorde con la solicitud hecha por el trabajador lesionado, una vista médica la cual no se pudo celebrar debido a que el trabajador lesionado —de acuerdo con lo informado por su abogado mediante escrito al efecto— se había trasladado al estado de California, Estados Unidos de Norteamérica, con el propósito de estudiar y rehabilitarse y como consecuencia de ello se solicitaba en el referido escrito que la vista

médica se transfiriera para una fecha posterior en que le fuera factible regresar a Puerto Rico sin perjudicar su rehabilitación.

A la luz de dicha información y súplica, la Comisión Industrial emitió una Resolución, la cual, en lo pertinente, lee como sigue:

> En este caso el lesionado[,] por conducto de su abogado, Lcdo. Enrique Irizarry Ortiz, radicó una moción ante la Comisión Industrial en 29 de marzo de 1982, la que en su parte pertinente lee:
>
> "Que en el presente caso se le citó para una Vista Médica a celebrarse en 29 de marzo de 1982 en horas de la mañana.
>
> "Que a pesar de la severidad y magnitud de las lesiones recibidas en el accidente del trabajo ocurrídole, se está tratando de rehabilitar estudiando en la Universidad de California Campus de Riverside.
>
> "POR TODO LO CUAL, de la Honorable Comisión Industrial, muy respetuosamente, se solicita transferencia de la Vista Médica a celebrarse en 29 de marzo de 1982 a las 8:00 A.M. para una fecha posterior en que se le haga factible regresar a Puerto Rico sin perjudicar su rehabilitación."
>
> Por lo anteriormente expuesto, la Comisión Industrial RESUELVE el archivo del caso sin perjuicio a los derechos del obrero de solicitar la reapertura del mismo dentro de un término razonable a su regreso a Puerto Rico.
>
> Notifíquese al lesionado a: Calle Portugal 467, Urb. Vistamar, Carolina, P.R.

El Administrador del Fondo radicó, en tiempo, ante la Comisión Industrial una moción de reconsideración en la cual alegó, en síntesis, que entendía que era irrazonable que no se le fijara un tiempo definido al trabajador lesionado para solicitar la reapertura del caso. Dicha moción de reconsideración fue declarada sin lugar por la referida Comisión y el Administrador del Fondo del Seguro del Estado ha recurrido ante este Tribunal mediante la correspondiente Solicitud de Revisión en la cual básicamente plantea que la Comisión Industrial incidió al permitirle a un obrero lesionado el poder reabrir su caso a su entera

voluntad, o sea, sin fijar término de tiempo alguno para así hacerlo. [1]

Mediante resolución de fecha 29 de julio de 1982 le concedimos a la parte recurrida el término de veinte (20) días para que mostrara causa por la cual la resolución emitida por la Comisión Industrial de Puerto Rico en el presente caso no debía ser revocada en vista de los argumentos esgrimidos por el Fondo del Seguro del Estado.

La parte recurrida ha comparecido. Solicita, en primer lugar, la desestimación del recurso de revisión, radicado por el fundamento de que el recurrente Fondo del Seguro no notificó a la representación legal del trabajador lesionado con copia de la antes mencionada moción de reconsideración. En segundo término, argumenta que por ser la Ley de Compensaciones por Accidentes del Trabajo una ley de carácter remedial la misma se debe interpretar liberalmente, y que nada hay en dicha ley que prive a la Comisión Industrial del "poder para suspender, transferir y/o paralizar los procedimientos de un caso bajo su jurisdicción siempre que sea al amparo de los mejores intereses de la Justicia".

En cuanto al primer punto la forma de notificar las mociones o escritos que presenten las partes o sus abogados ante una agencia administrativa se rige, en primer lugar, por las disposiciones de ley o de reglamento aplicables, y, en su defecto, por las Reglas de Procedimiento Civil como fuente supletoria. *Berríos* v. *Comisión de Minería*, 102 D.P.R. 228 (1974).

Respecto al presente caso el reglamento de la Comisión Industrial dispone que "[c]opias de todas las peticiones de reconsideración serán notificadas a las partes interesadas" pero no atiende debidamente la situación de la parte que está representada por abogado. Es comprensible que la

---

[1] En esta ocasión el Fondo notificó con copia del recurso de revisión a la representación legal del trabajador lesionado.

regulación sobre notificación haga preterición del abogado, pues el esquema estatutario de compensaciones a obreros se rige sobre la base del gran acceso de éstos a los remedios administrativos por su propio derecho y sin necesidad de abogado. Pero esta situación no impera hoy día en que la disponibilidad de servicios legales ha hecho que la representación *pro se* no sea la norma sino la excepción.

Además debemos tomar en consideración que si bien es cierto que la notificación a la otra parte dentro de determinado término no es requisito jurisdiccional, el proceso de reconsideración en sí es requisito jurisdiccional de nuestra función revisora. *Plaza Ríos* v. *F.S.E.*, 110 D.P.R. 727 (1981).

Más aún, hemos resuelto que cuando de resoluciones u órdenes de la Comisión Industrial se trate, de las cuales pueda recurrirse dentro de un término jurisdiccional, la notificación tiene que hacerse también al abogado si consta del expediente que la parte está así representada. *Arroyo Moret* v. *F.S.E.*, 113 D.P.R. 379 (1982).

No hay ninguna razón para que se establezcan normas distintas de notificación en procedimientos ante la Comisión Industrial cuando las partes están representadas por abogado. No empece lo anteriormente expresado, resolvemos que tenemos jurisdicción para entender en el presente caso, atendido el hecho de que la representación legal del Fondo del Seguro del Estado actuó de acuerdo con lo estatuido por el citado Reglamento de la Comisión Industrial y que la omisión de tal notificación al abogado del obrero en nada ha perjudicado los derechos de éste, puesto que la Comisión Industrial declaró sin lugar la moción de reconsideración objeto de la controversia.

No hay duda de que la Comisión Industrial de Puerto Rico tiene el poder para suspender, transferir o paralizar los procedimientos de un caso bajo su consideración y de ordinario no intervendremos con la discreción que

ejerza respecto a ello dicha Comisión ni ningún otro organismo administrativo.

Ahora bien, esa discreción debe ser ejercitada dentro de un marco de razonabilidad. Nos parece correcta y loable aquella parte de la decisión de la Comisión Industrial de suspender los procedimientos y brindarle una oportunidad al trabajador lesionado, en vista de lo alegado por éste respecto al propósito de su viaje a California.

■ Entendemos, sin embargo, que a pesar de que no es factible el establecer un término de tiempo fijo aplicable a todos los casos y de que, por el contrario, cada caso deberá ser visto de acuerdo a sus particulares hechos, le asiste la razón al recurrente en cuanto a que no es una norma saludable el dejar total e indefinidamente al arbitrio del trabajador lesionado cuándo será el momento en que va a solicitar la reapertura del caso. Ningún caso "... [tiene] derecho a vida eterna ...". *Madera Meléndez* v. *Negrón*, 103 D.P.R. 749, 751 (1975), y *Heftler Const. Co.* v. *Tribunal Superior*, 103 D.P.R. 844 (1975). En el presente caso nadie sabe cuándo es que el trabajador lesionado piensa regresar a Puerto Rico, por lo que dejar enteramente a su arbitrio el "... solicitar la reapertura del mismo dentro de un término razonable a su regreso a Puerto Rico", puede representar el que el caso esté pendiente de reapertura desde el término mínimo de un día hasta no sabemos cuántos años; ello resulta ser irrazonable.([2])

Por las razones expresadas *entendemos que procede la revocación de las resoluciones emitidas por la Comisión Industrial en el Caso Número 82-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 de fecha 21 de marzo de 1982 y 11 de junio de 1982, en tanto en cuanto dejan sin señalamiento el mismo y se devuelve el caso a la Comisión Industrial de Puerto Rico para que ésta señale dicho caso para vista médica.*

---

([2]) Dado que el trabajador lesionado se encuentra estudiando en el estado de California nos parece aconsejable que el caso se señale para uno de los próximos períodos en que normalmente los estudiantes están de vacaciones.

El Juez Asociado Señor Díaz Cruz disiente con voto al cual se une el Juez Asociado Señor Irizarry Yunqué. El Juez Asociado Señor Negrón García concurre en el resultado sin opinión.

—O—

Voto disidente del Juez Asociado Señor Díaz Cruz al que se une el Juez Asociado Señor Irizarry Yunqué.

Disiento, por entender que al otorgarse por este Tribunal, a la moción de reconsideración ante la Comisión Industrial, el valor y energía de requisito jurisdiccional,(¹) su notificación al abogado de la parte contraria, y no a éste es no sólo elemento complementario de jurisdicción en revisión, sino esencia del debido proceso y así lo tiene declarado este Tribunal en *Berríos* v. *Comisión de Minería*, 102 D.P.R. 228, 230 (1974), al resolver:

> Sólo por excepción expresamente autorizada, y aun así con renuencia, puede aceptarse como suficiente la notificación a una parte ignorando a su abogado. Una vez provisto por estatuto el recurso de apelación, tanto en lo administrativo como en la litigación civil, es parte del debido proceso de ley y por tanto la notificación al abogado que interviene en representación de persona interesada es indispensable en todas las etapas. Y si la apelación se da sobre cuestiones de derecho únicamente, ¿cómo esperar que la parte que ha contratado un abogado para que proteja sus intereses tenga una percepción informada superior a la del técnico en la ley que le permita tomar una decisión correcta frente a la denegación de su derecho?

La incorporación de la notificación al abogado al debido proceso, quitó todo valor de precedente a *Caparra Country Club* v. *Junta Planificación*, 74 D.P.R. 74, 82 y ss. (1952), en su apego al medio de notificación provisto en la Ley de Planificación al "individuo interesado" que aparezca del expe-

---

(¹)*Rodríguez* v. *Comisión Industrial*, 61 D.P.R. 222 (1942); *Amenguar* v. *Comisión Industrial*, 49 D.P.R. 10 (1935); *Plaza Ríos* v. *F. S. E.*, 110 D.P.R. 727 (1981).

diente. Aquella fue una decisión ritualista[2] y así lo reconoce su texto a la pág. 84 al decir:

> Se podría alegar que, desde el punto de vista de la justicia inmanente y de la conveniencia social, el requisito de notificación exclusiva al abogado ofrece más garantías y mayor protección a los ciudadanos interesados, especialmente en procedimientos administrativos.
>
> .    .    .    .    .    .    .    .
>
> Como cuestión de hecho, la interpretación que estamos adoptando no excluye la posibilidad de que se notifique al abogado. Esa debería ser la práctica administrativa de la Junta de Planificación.

La notificación a la parte, —con preterición del abogado— fue acto vacío sin consecuencia. Debe, por tanto, desestimarse el recurso del Asegurador, por defecto de notificación. Éste siempre tendrá derecho a solicitar de la Comisión que convierta en final y definitivo el archivo de la apelación de no promoverse en tiempo razonable.

---

[2] Disintieron el Juez Presidente Señor Snyder y el Juez Asociado Señor Negrón Fernández.