TEXTO COMPLETO DE LA SENTENCIA
El peticionario, Sr. José Deynes Torres et al., nos solicita que revoquemos una resolución emitida por el Tribunal de Primera Instancia el 15 de mayo de 2000. Mediante la misma, el foro a quo denegó una solicitud de relevo de sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 49.2, en un caso de cobro de dinero presentado por la parte recurrida, Sra. Josefina Rivera Villalobos et al.
Inconforme con esa determinación, el Sr. Deynes Torres et al., acude a este tribunal, mediante el recurso de certiorari que nos ocupa y alega que erró el Tribunal de Primera Instancia al declarar sin lugar de plano una moción al amparo de la Regla 49.2 de Procedimiento Civil, supra. Además, señaló que incidió el foro a quo al celebrar la vista del caso en rebeldía sin concederle al peticionario las garantías de un debido proceso de ley.
Por los fundamentos que pasaremos a exponer, se expide el recurso de certiorari solicitado por el peticionario, Sr. Deynes Torres et al., y se revoca la resolución recurrida.
I
La parte recurrida, Sra. Josefina Rivera Villalobos et al., presentó una demanda en cobro de dinero contra el peticionario, Sr. José Deynes Torres, reclamó el pago de $145,521, entregados a éste en calidad de préstamo y alegó que dicha deuda era una vencida, líquida y exigible. El 18 de febrero de 1998, el Sr. Deynes Torres presentó una moción de desestimación al amparo de la Regla 3.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 3.4, en la que alegó que residía en el pueblo de Salinas y, en vista de ello, la demanda debió ser presentada en la sala del tribunal correspondiente a aquélla en que éste reside. La Sra. Rivera Villalobos se opuso a la desestimación y el tribunal a quo denegó la misma. Así las cosas, en abril de ese año, la Sra. Rivera Villalobos et al., presentó una solicitud para que se le anotara la rebeldía al Sr. Deynes Torres et al. Alegó que el 23 de febrero de 1998, el Tribunal de Primera Instancia había concedido al demandado una prórroga para contestar la demanda, pero que dicha parte aún no había contestado la misma.
La solicitud para que se dictara sentencia en rebeldía presentada por la Sra. Rivera Villalobos nunca le fue notificada al Sr. Deynes Torres; tampoco, el foro apelado, le notificó a éste su determinación denegando la moción presentada por el Sr. Deynes Torres al amparo de la Regla 3.4 de las de Procedimiento Civil, supra.
*658 El 31 de agosto de 1998, la Sra. Rivera Villalobos, nuevamente, solicitó la anotación de rebeldía a lo cual se opuso el Sr. Deynes Torres mediante una moción suscrita por el Ledo. Elpidio Castro Colón, quien asumió su representación legal y, en consecuencia, en ese escrito informó su dirección postal al tribunal, LaSra.^ Rivera. Villalobos, a su vez, replicó a dicha moción; sin embargo, notificó dicha réplica a la dirección del Sr. Deynes Torres y no a su abogado.
El 10 de septiembre de 1999, el Tribunal de Primera Instancia ordenó la anotación de rebeldía y señaló la vista en rebeldía para el 14 de octubre de 1998, señalamiento que tampoco fue notificado al Sir. Deynes Torres. Esa nbtificación tampoco fue remitida a la dirección postal de su representante legal. A la vista compareció la Sra. Rivera Villalobos, y solicitó que se declarara con lugar la demanda. Alega el Sr. Deynes Torres que la razón para su incomparecencia fue el no haber recibido la notificación de la misma, por lo cual, tanto él como el Ledo. Castro Colón desconocían del juicio pautado.
El 18 de diciembre de 1998, el Tribunal de Primera Instancia emitió una sentencia en la cual declaró con lugar la demanda. El Sr. Deynes Torres aduce que advino en conocimiento de la celebración de la vista y de la sentencia emitida al recibir una moción en aseguramiento de sentencia sin fianza, a la cual se opuso el 12 de marzo de 1999. En su escrito, el Sr. Deynes Torres, solicitó, además, el relevo de la sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil, supra.
El 20 de mayo de 1999, -más de un año después de solicitado el relevo de la sentencia-, el Tribunal de Primera Instancia denegó el relevo de la misma, pero inexplicablemente no fue sino hasta un año más tarde, el 15 de mayo de 2000, que le notificó al Sr. Deynes Torres su decisión.
II
Es requisito inherente al debido proceso de ley, la adecuada notificación a la parte contraria de aquellos documentos presentados en la tramitación de un litigio, así como de cualquier orden, resolución o pronunciamiento del tribunal donde se ventila el caso. López y otros v. Asoc. de Taxis de Cayey, 142 D.P.R. _ (1996), 96 J.T.S. 161.
En consecuencia de lo anterior, resulta indispensable y necesario al debido proceso de ley, la notificación al abogado de cualquier trámite, en virtud de que sobre éste es que recae la responsabilidad de salvaguardar los remedios que tenga disponible su cliente. Rodríguez Febo v. F.S.E., 116 D.P.R. 31 (1984); Pueblo v. Hernández Maldonado, 129 D.P.R. 472 (1991). Sólo por excepción expresamente autorizada, y aún así con renuencia, puede aceptarse como suficiente la notificación a una parte ignorando a su abogado. 32 L.P.R.A. Ap. Ill, R. 67.2. Berríos v. Comisión de Minería, 102 D.P.R. 228 (1974); Santiago Dávila v. F.S.E., 113 D.P.R. 627 (1982); Arroyo Moret v. F.S.E., 113 D.P.R. 379 (1982).
La Regla 49.2 de las de Procedimiento Civil, supra, dispone, en su parte pertinente:

“Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(1) Error, inadvertencia, sorpresa, o negligencia excusable;

(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

(4) Nulidad de la sentencia;

*659
(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o

(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

32 L.P.R.A. Ap. Ill, R. 49.2
De otra parte, la Regla 45.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill R. 45.3, autoriza a un tribunal a dejar sin efecto una sentencia dictada en rebeldía, conforme a las disposiciones de la Regla 49.2 de las de Procedimiento Civil, supra. Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283, 293-294 (1988). El propósito de la Regla 49.2, supra, es proveer un mecanismo procesal, luego de dictarse la sentencia, para impedir que se frustren los fines de la justicia. La misma faculta al tribunal para dejar sin efecto una sentencia, si se establece alguno de los fundamentos expuestos en la citada regla. Ríos v. Tribunal Superior, 102 D.P.R. 793, 794 (1974).
En el caso de autos, no cabe duda, porque así se desprende de las notificaciones efectuadas por el tribunal recurrido, que el Sr. Deynes Torres no fue notificado, conforme a la Regla 67.2 de las de Procedimiento Civil, supra, de los incidentes procesales del caso. El tribunal recurrido tampoco le notificó la concesión de la prórroga para contestar la demanda, como tampoco le notificó su determinación en cuanto a la anotación de rebeldía, al abogado del Sr. Deynes Torres. Esta última fue remitida a la dirección del peticionario. Además, no se le notificó a dicha parte ni a su abogado el señalamiento de la vista pautada para el 14 de octubre de 1998, de modo que no tuvo la oportunidad de asistir a la misma.
A consecuencia de lo anterior, el peticionario invocó en su escrito de certiorari -como fundamento para el relevo de la sentencia dictada en su contra-, los incisos (1), (3) y (6) de la Regla 49.2 de las de Procedimiento Civil, supra. Entendemos que procede el remedio solicitado al amparo del inciso (6), mas no así por los incisos (1) y (3). Atendamos primeramente los fundamentos que sostienen la procedencia del relevo de sentencia en lo referente al inciso (6) invocado.
De los autos surge que, por inadvertencia de dicho foro, varios de los trámites llevados a cabo en el mismo fueron notificados a una dirección incorrecta, que no correspondía a la dirección postal del abogado del peticionario. Tampoco cabe duda de que algunos de los escritos presentados por la recurrida, Sra. Rivera Villalobos, ante el Tribunal de Primera Instancia, no le fueron notificados al Sr. Deynes Torres. A tenor con lo anterior, entendemos que es meritoria la contención del Sr. Deynes Torres con respecto a las notificaciones defectuosas de algunas de las incidencias del proceso judicial en el presente caso, al amparo del inciso (6) de la Regla 49.2. Dichas irregularidades afectaron el derecho del peticionario a un debido proceso de ley, por no cumplirse las exigencias de una adecuada notificación y derecho a ser oído, al no tener conocimiento el Sr. Deynes Torres del señalamiento de la vista celebrada ante el tribunal a quo y en la cual se declaró con lugar la demanda.
Con respecto al inciso (1) de la Regla 49.2, supra, este Tribunal determina que no es aplicable al caso de autos. Dicha regla no fue establecida para conceder remedio contra una sentencia u orden errónea de un tribunal, según surge de los hechos presentados en este caso. Ello es así porque a lo que va dirigida la regla es a atender posibles errores de la parte que la invoca y no a errores de derecho cometidos por el tribunal. Véanse, Builders Ins. Co. v. Tribunal Superior, 100 D.P.R. 401, 404 (1972); Banco Popular v. Tribunal Superior, 82 D.P.R. 242, 249 (1961), y Pagán v. Alcalde Mun. de Cataño, 143 D.P.R. _ (1997), 97 J.T.S. 76.
Por último, en cuanto a la referencia al inciso (3) de la Regla 49.2 de las de Procedimiento Civil, *660 supra, -invocando el fraude como fundamento para el relevo de la sentencia emitida por el tribunal a quo-, determinamos que el mismo no se cometió.
El fraude al tribunal, bajo esta regla, se refiere a casos poco usuales que envuelven más allá de un daño a un litigante en particular y, por ello, los tribunales han rechazado invocar este concepto en casos en los cuales la alegada actuación fraudulenta, de haber existido, se dio entre las partes del caso y no tuvo efecto directo en la integridad del tribunal. Pardo v. Sucn. Stella, 145 D.P.R. _ (1998), 98 J.T.S. 80.
En virtud de las disposiciones legales anteriores, determinamos que constituyen razones suficientes -para relevar al Sr. Deynes Torres de la sentencia emitida por el tribunal a quo en el caso de epígrafé-, la falta de notificación y/o las notificaciones defectuosas de los trámites e incidencias del caso por parte del tribunal a quo. Así como también, la falta de notificación, por parte de la Sra. Rivera Villalobos, de algunos de sus escritos. Por lo tanto, procede declarar con lugar la moción -presentada por el Sr. Deynes Torres- al amparo de la Regla 49.2 (6) de las de Procedimiento Civil, supra. De esta forma, se le reconocen al Sr. Deynes Torres las garantías mínimas de un debido proceso de ley.
III
Por los fundamentos anteriormente expuestos, expedimos el recurso de certiorari y revocamos el dictamen emitido por el Tribunal de Primera Instancia.
En vista de nuestro dictamen, ordenamos la celebración de un juicio en el cual todas las partes sean debidamente notificadas.
Así lo acordó y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General