Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| BARBARA A. REYES TIRADO JOHAN M. VEGA<br><br>RECURRIDOS<br><br>v.<br><br>N B S VEGA BAJA LLC<br><br>RECURRENTE | TA2025RA00123 | *Revisión Judicial* procedente del Departamento de Asuntos del Consumidor DACO<br><br>Caso Núm. ARE-2024-0006528<br><br>Sobre: Contrato |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 16 de octubre de 2025.

## I.

El 31 de julio de 2025, NSB Vega Baja, LLC (NSB o parte recurrente), presentó digitalmente un *Recurso de Revisión Judicial* en el que nos solicitó que revoquemos la *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACo o foro recurrido) el 17 de marzo de 2025, notificada y archivada en autos el 18 de marzo de 2025.[1] Mediante dicho dictamen, DACo declaró Ha Lugar la *Querella* asignada con el núm. ARE-2024-0006528 radicada por Barbara A. Reyes Tirado y Johan M. Vega (en conjunto, parte recurrida).

El 19 de agosto de 2025, emitimos una *Resolución* en la que concedimos a la parte recurrida hasta el 17 de septiembre de 2025 para presentar su alegato en oposición.[2]

Dado a que la parte recurrida no compareció en el término dispuesto, el 19 de septiembre de 2025, emitimos una *Resolución* en

---

[1] Véase, Entrada Núm. 2 del Apéndice del recurso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[2] Véase, Entrada Núm. 2 del expediente digital del caso en SUMAC-TA.

la que le concedimos a dicha parte un término adicional final a vencer el 24 de septiembre de 2025, para presentar su alegato en oposición. En esta, advertimos que, de no cumplir con el término dispuesto, se tendría por desistido la radicación del escrito y tendríamos el asunto por sometido.[3]

Transcurrido el término concedido a la parte recurrida para que presentara su alegato en oposición, sin que lo hiciera, y contando con el beneficio de la comparecencia de NSB, damos por perfeccionado el recurso de *Revisión Judicial*. En adelante, pormenorizamos los hechos procesales más relevantes a la atención del recurso.

**II.**

El caso de marras tuvo su génesis el 5 de septiembre de 2025, cuando la señora Barbara A. Reyes Tirado y el señor Johan M. Vega presentaron una *Querella* ante el DACo en contra de NSB.[4] Según el relato de la parte recurrida, la señora Reyes Tirado, soltera en ese momento, opcionó una propiedad de vivienda en el proyecto La Sabana. Mientras se encontraba esperando por su entrega, la señora Soto, persona encargada del proyecto, le indicó que debían llevar a cabo un cambio en la propiedad seleccionada por problemas de construcción que la hacían no disponible para su entrega. La señora Soto le ofreció otras alternativas más costosas y le informó que debían hacer otro contrato. Tras una nueva selección, la señora Reyes Tirado incluyó en el contrato a su esposo, el señor Vega y las partes pactaron la compraventa por el precio de $205,400.00. Posteriormente, la parte recurrida recibió una llamada en la que les indicaron que, por órdenes del supervisor del proyecto, debían otorgar un nuevo contrato con un aumento de $40,000.00 en el precio de venta o, tenían la alternativa de cancelar el contrato. Ante

---

[3] Íd., Entrada Núm. 3 del expediente del caso en SUMAC-TA.
[4] Véase, Entrada Núm. 3 del Apéndice del recurso en SUMAC-TA, pág. 5-7.

esa situación, la parte recurrida solicitó ante el DACo que se les honrara el precio de compraventa de $205,400.00 previamente acordado.

El 16 de septiembre de 2024, el DACo notificó el recibo de la *Querella* y concedió a la parte recurrente un plazo de veinte (20) días para contestar.[5]

La parte recurrente presentó, con fecha del 24 de septiembre de 2024, una *Moción para asumir representación* informando la contratación del Lcdo. Miguel L. Torres Torres como su representante legal y solicitando la notificación al abogado suscribiente de todo trámite ulterior relacionado al caso.[6]

En esa misma fecha, a través del sistema de notificación electrónica del DACo, se notificó el registro de una moción en su sistema titulada "Moción Asumiendo Representación Legal", presentada por Miguel Luis Torres Torres y/o Josselyn I. Menchaca Trillo.[7] Dicha notificación electrónica estableció que la moción estaría siendo evaluada por el personal asignado del DACo eventualmente.

Según surge del expediente digital del presente recurso, el 13 de marzo de 2025, el foro recurrido celebró una vista administrativa para adjudicar la controversia.[8] A esta, compareció la parte recurrida junto a su representación legal. No obstante, la parte recurrente no compareció por lo que se le anotó la rebeldía.

El 17 de marzo de 2025, el DACo emitió una *Resolución* en la que, en virtud de la prueba documental y testifical que obraba en el expediente, hizo las siguientes determinaciones de hechos:

1. All[á] en o para el día 12 de julio del 2022, la parte querellante firm[ó] un contrato de compraventa con la corporación querellada para adquirir una casa de vivienda en la urbanización La Sabana lote 1187. El 23

---

[5] Íd., pág. 1-4.
[6] Íd., pág. 9-10.
[7] Íd., pág. 30.
[8] Íd., pág. 11.

de marzo del 2024, la parte querellante y la corporación querellada cambiaron el número del lote de ubicación del inmueble en el contrato por el lote número 1080. En el lote numero 1080 la corporación querellada le ten[í]a que vender y entregar a la parte querellante una casa de vivienda de tres habitaciones - dos baños - doble marquesina como descripción básica.

2. El precio del contrato de compraventa fue pactado en $205.400.

3. Según el registro público, a la fecha de vista administrativa los funcionarios de la corporación querellada no le habían entregado a la parte querellante la casa de vivienda que ubica en el lote 1080 de la urbanización LA SABANA, VEGA BAJA, PR. La parte querellante le solicit[ó] a los funcionarios del negocio querellado que le cumplieran con diligencia y responsabilidad profesional los términos y condiciones del contrato de compraventa. A la fecha de vista administrativa los funcionarios de la corporación querellada no habían atendido el reclamo de la parte querellante. La querellante solicita que se ordene el cumplimiento específico del contrato.

4. *Este Departamento le notificó al negocio querellado la querella de título concediéndole el plazo de veinte [20] días para contestar las alegaciones de la querellante. A la fecha de vista no se había recibido ninguna contestación ni objeción al contenido de la querella y no fue devuelta por el servicio postal. La citación a vista administrativa no fue devuelta a la agencia. Por lo que se anota rebeldía al negocio querellado.* [9]

En consideración a las determinaciones de hechos, el foro recurrido formuló sus conclusiones de derecho. Consecuentemente, tras resolver que la querella tenía méritos, resolvió que NSB no cumplió con sus obligaciones contractuales, por lo que ordenó a la parte recurrente que entregara formalmente a la parte recurrida la propiedad que ubica en la urbanización La Sabana. Asimismo, ordenó que, recibida formalmente la propiedad por la parte recurrida, el pago que la parte recurrente recibiría por concepto de dicha compraventa sería la cantidad de $205,400.00. El DACo apercibió a las partes en su dictamen el derecho a presentar una reconsideración y/o revisión judicial.

Oportunamente, NSB presentó con fecha del 1 de abril de 2025 una *Moción de relevo de resolución y/o reconsideración por*

---

[9] Íd., pág. 11-17. Notificada y archivada en autos el 18 de marzo de 2025.

*notificaciones inoficiosas y violación al debido proceso de ley* para cuestionar la *Resolución* recurrida.[10] En esta, alegó que el 24 de septiembre de 2024 el Lcdo. Miguel L. Torres Torres asumió la representación legal de NSB, lo cual surge del expediente digital de la agencia. Sin embargo, arguyó que el DACo emitió una resolución que no le remitió ni notificó, así como tampoco recibió notificación alguna del señalamiento de la vista administrativa para atender la querella. Por ello, argumentó que todas las notificaciones y acciones realizadas por el foro recurrido con posterioridad al 24 de septiembre de 2024 resultan inoficiosas por no habérsele dado conocimiento de ninguna de ellas a dicho abogado. Así, alegó que las actuaciones del DACo violan el debido proceso de ley de NSB y convierten la *Resolución* emitida en una nula e ineficaz.

En la alternativa, solicitó la reconsideración de la determinación de DACo. Bajo ese precepto, alegó que la actuación del foro recurrido de continuar los procedimientos sin notificar al representante legal de NBS viola las nociones básicas del debido proceso de ley.

El 9 de abril de 2025, DACo emitió una *Resolución interlocutoria y orden* mediante la cual acogió la solicitud de reconsideración presentada por la parte recurrente.[11] En esta ocasión sí le notificó al abogado de la parte recurrente y le advirtió a las partes su derecho a presentar una solicitud de revisión judicial ante este Tribunal de Apelaciones, del DACo no cumplir con los términos establecidos para atender la solicitud.

Ante la falta de acción del DACo en el término reglamentario, el 31 de julio de 2025, NSB presentó ante nos el presente recurso de revisión judicial en el que formuló el siguiente señalamiento de error:

---

[10] Íd., pág. 18-29.
[11] Íd., pág. 31-33. Notificada y archivada en autos el 10 de abril de 2025.

**ERRÓ EL DACO AL CONTINUAR CONDUCIENDO LOS PROCEDIMIENTOS ADJUDICATIVOS SIN NOTIFICAR AL REPRESENTANTE LEGAL DE LA RECURRENTE VIOLANDO LAS GARANTÍAS MÍNIMAS DEL DEBIDO PROCESO DE LEY QUE COBIJAN A LA RECURRENTE, TORNANDO EN INOFICIOSOS LOS PROCEDIMIENTOS CELEBRADOS Y NULA AB INITIO LA RESOLUCIÓN EMITIDA PARA DISPONER DE LA QUERELLA.**

Su posición es que todas las actuaciones del DACo, con posterioridad a la fecha en que la parte recurrente anunció su representación legal, resultan inoficiosas por no habérsele dado conocimiento de ninguna de ellas. Arguyó que las actuaciones de DACo, convirtió el procedimiento administrativo en uno viciado que violó el debido proceso de ley de la parte recurrente. Adujo además que, NSB ni el abogado renunciaron al derecho que tienen de que se le notificara al abogado contratado de todo incidente señalado por DACo en el caso. NSB alegó que el adjudicador de DACo ignoró y coartó el derecho de la parte recurrente a estar debidamente notificado de las incidencias del caso. Por tanto, sostuvo que procede decretar el relevo de la *Resolución* recurrida.

La parte recurrida no compareció a pesar de las múltiples oportunidades concedidas para así hacerlo.

En adelante, pormenorizaremos el derecho aplicable al presente recurso.

**III.**

**A.**

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 2017, según enmendada, 3 LPRA secs. 9601 *et seq.*, (LPAU) establece el alcance de la revisión judicial de las determinaciones de las agencias administrativas. A tenor de esta y la jurisprudencia aplicable, la revisión judicial consiste, esencialmente, en determinar si la actuación de la agencia se dio dentro de las facultades que le fueron conferidas por ley, si es compatible con la política pública que la origina y si es legal y

razonable. ***Capó Cruz v. Junta de Planificación***, 204 DPR 581, 590-591 (2020); ***Rolón Martínez v. Supte. Policía***, 201 DPR 26, 35 (2018).

La LPAU dispone que una parte adversamente afectada por una orden o resolución de una agencia puede acudir en *Revisión Judicial* al tribunal siempre y cuando haya agotado los remedios administrativos. ***Edward Simpson v. Consejo de Titulares y Junta de Directores del Condominio Coral Beach***, 214 DPR 370, 378 (2024). Específicamente, la Sección 4.2 de la LPAU, *supra*, sec. 9672, dispone que una parte adversamente afectada por una orden o resolución final de una agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, en un término de treinta (30) días contados a partir de la fecha del archivo en autos de copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de dicha ley (3 LPRA sec. 9655), cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

La revisión judicial de una decisión administrativa se circunscribe a analizar lo siguiente: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hecho realizadas por la agencia estuvieron sustentadas por prueba sustancial que surgió del expediente administrativo, y (3) si, mediante una revisión completa y absoluta, las conclusiones de derecho fueron correctas. ***Otero Rivera v. Bella Retail Group, Inc.***, 214 DPR 473, 484-485 (2024); ***Rolón Martínez v. Supte. Policía***, supra, pág. 35-36.

Al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la <u>razonabilidad</u> en la actuación de la agencia. ***Rebollo v. Yiyi Motors,*** 161 DPR 69, 76 (2004). Cónsono con ello, será necesario determinar si la agencia actuó de forma

arbitraria, ilegal o de manera tan irrazonable que su actuación constituyó un abuso de discreción. ***Rolón Martínez v. Supte Policía,*** supra; ***Rebollo v. Yiyi Motors,*** supra.

Por otro lado, la sección 4.5 de la LPAU dispone que, las determinaciones de hechos de las decisiones de las agencias se mantendrán por el tribunal de basarse en evidencia sustancial que surja del expediente administrativo. LPAU, *supra*, sec. 9675. Es menester señalar que, las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. LPAU, *supra*, sec. 9675.

Ahora bien, cuando se trate de conclusiones de derecho que no envuelvan interpretaciones dentro del área de especialización de la agencia, éstas se revisarán por los tribunales sin circunscribirse al razonamiento que haya hecho la agencia. ***Capó Cruz v. Jta de Planificación et al.,*** supra; ***Pacheco v. Estancias,*** 160 DPR 409, 432 (2003); ***Rivera v. A & C Development Corp.,*** 144 DPR 450, 461 (1997).

Es norma reiterada de derecho que los foros revisores le concederán gran deferencia y consideración a las decisiones de las agencias administrativas, debido a la vasta experiencia y el conocimiento especializado sobre los asuntos que le fueron delegados. ***Graciani Rodríguez v. Garaje Isla Verde,*** 202 DPR 117, 126 (2019); ***Rolón Martínez v. Supte. Policía,*** supra.

Sin embargo, recientemente, el Tribunal Supremo, en ***Vázquez v. Consejo de Titulares***, 216 DPR ___ (2025), 2025 TSPR 56 (resuelto el 21 de mayo de 2025), haciendo eco de lo resuelto en ***Loper Bright Enterprises v. Raimondo***, 603 U.S. 369 (2024), dictaminó que la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales. De esa manera, enfatizó la necesidad de que los foros judiciales, en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU. ***Vázquez v. Consejo de Titulares***, supra. Por ello, se pautó que será deber

de los tribunales revisar las conclusiones de derecho en todos sus aspectos, por los mecanismos interpretativos propios del Poder Judicial y no guiados por la deferencia automática. ***Vázquez v. Consejo de Titulares***, supra.

Por las razones antes aludidas, las decisiones de las agencias administrativas gozan de una presunción de regularidad y corrección. ***Capó Cruz v. Jta de Planificación et al.,*** supra, pág. 591; ***Rolón Martínez v. Supte. Policía,*** supra; ***García Reyes v. Cruz Auto Corp.,*** supra. La presunción de corrección que acarrea una decisión administrativa deberá sostenerse por los tribunales a menos que la misma logre ser derrotada mediante la identificación de evidencia en contrario que obre en el expediente administrativo. ***Misión Ind. P.R. v. J.P.,*** 146 DPR 64, 130 (1998).

La deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. ***Super Asphalt v. AFI y otros***, 206 DPR 803, 819 (2021); ***Torres Rivera v. Policía de Puerto Rico***, 196 DPR 606, 628 (2016).

Dichos procedimientos se distinguen del proceso judicial ordinario al promover la flexibilidad y proveer un mecanismo más económico para que la ciudadanía reclame sus derechos. ***Acarón et al. v. D.R.N.A.***, 186 DPR 564, 583 (2012). No obstante, la flexibilidad e informalidad del proceso administrativo, es menester que los mismos cumplan con "**las garantías mínimas que exige el debido proceso de ley**, ya que las decisiones administrativas tienen

el alcance de afectar los intereses propietarios o libertarios de las personas". *Íd.* (Énfasis nuestro).

**B.**

El Artículo II, Sección 7 de la Constitución del Estado Libre Asociado de Puerto Rico, establece que "[n]inguna persona será privada de su libertad o propiedad sin [un] debido proceso de ley". Art. II, Sec. 7, **Const. ELA**, LPRA, Tomo 1. En el ámbito judicial y cuasi judicial, el debido proceso de ley se manifiesta en dos dimensiones: la procesal y la sustantiva. ***Aut. Puertos v. HEO***, 186 DPR 417, 428 (2012); ***Domínguez Castro et al. v. ELA I***, 178 DPR 1, 35 (2010). En lo pertinente al presente recurso, nos centraremos en el debido proceso de ley en su vertiente procesal.

"[E]l debido proceso de ley se refiere al 'derecho de toda persona a tener un proceso justo y con todas las debidas garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo'". ***Aut. Puertos v. HEO***, supra, pág. 428 (citando a ***Marrero Caratini v. Rodríguez Rodríguez***, 138 DPR 215, 220 (1995)). En su vertiente procesal, el debido proceso de ley "requiere que, de verse afectado algún derecho de propiedad o libertad de un ciudadano, este tendrá acceso a un proceso que se adherirá a los principios de justicia e imparcialidad". ***Aut. Puertos v. HEO***, supra, pág. 428.

La dimensión procesal del debido proceso de ley en el contexto adjudicativo exige como mínimo: (1) la notificación adecuada del proceso; (2) el proceso ante un juez imparcial; (3) la oportunidad de ser oído; (4) el derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de un abogado, y (6) que la decisión se base en el expediente. ***PVH Motor, LLC v. Junta de Subastas de la Administración de Servicios Generales***, 209 DPR 122, 131 (2022); ***Vázquez González v. Mun.***

*de San Juan*, 178 DPR 636, 643 (2010). De igual forma, la Sección 3.1 de la LPAU, *supra*, sec. 9641, enumera las garantías procesales que deben ser salvaguardadas en todo procedimiento adjudicativo celebrado ante una agencia, como son: la notificación oportuna de los cargos contra una parte, a presentar evidencia, a una adjudicación imparcial y a que la decisión sea basada en el expediente. ***PVH Motor, LLC v. Junta de Subastas de la Administración de Servicios Generales***, supra. Una determinación de una agencia que se haga en contravención a estas pautas mínimas no puede prevalecer. ***San Gerónimo Caribe Project v. A.R.Pe.***, 174 DPR 640, 660 (2008).

Es menester señalar que, en el derecho administrativo la notificación es un requisito indispensable para la validez del procedimiento administrativo en todas sus etapas. ***Mun. San Juan v. Plaza Las Américas***, 169 DPR 310, 329 (2006). El derecho a ser oído va de la mano con el derecho a ser notificado. ***Mun. San Juan v. Plaza Las Américas***, *supra*, pág. 329. La Sección 3.14 de la LPAU, *supra*, entre otras cosas, establece que "la agencia deberá notificar con copia simple por correo ordinario o electrónico a las partes, **y a sus abogados de tenerlos**, la orden o resolución a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación". (Énfasis nuestro).

La notificación "brinda a las partes la oportunidad de advenir en conocimiento real de la determinación tomada, a la vez que otorga a las personas cuyos derechos pudieran verse transgredidos una mayor oportunidad de determinar si ejercen o no los remedios que le han sido concedidos por ley". ***Torres Alvarado v. Madera Atiles***, 202 DPR 495, 503 (2019). Dicha oportunidad se afecta si el abogado que la parte contrató no recibe o lo recibe de forma defectuosa, una notificación sobre una determinación que pudiera afectar los

derechos de sus clientes. ***Torres Alvarado v. Madera Atiles***, supra. Inclusive, el Tribunal Supremo ha establecido la necesidad en asegurarse de que el abogado sea debidamente notificado, ya que es éste quien tiene la responsabilidad con el cliente. ***Arroyo Moret v. F.S.E***, 113 DPR 379 (1982); ***Santiago Dávila v. F.S.E***, 113 DPR 627 (1982); ***Berrios v. Comisión de Minería***, 102 DPR 228 (1974).

**IV.**

En el caso de marras, nos corresponde resolver si DACo incurrió en el error señalado de falta de notificación adecuada a NSB y, por ende, en violación al debido proceso de ley de la parte recurrente, puesto que adjudicó la *Querella* sin la notificación adecuada a dicha parte.

La parte recurrente adujo que, a pesar de su abogado asumió su representación legal ante la agencia, el DACo le anotó la rebeldía, celebró una vista administrativa, adjudicó la controversia y emitió una *Resolución* en su contra sin su presencia pues no le notificó de la celebración de la vista administrativa ni del trámite del caso. Por esta razón, NSB sostuvo que la determinación del foro recurrido es nula e ineficaz.

Adviértase que, la parte recurrida no compareció ante esta Curia en el término dispuesto para exponer su posición sobre el recurso, a pesar de las múltiples oportunidades brindadas.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, resolvemos que el DACo cometió el error señalado por lo que corresponde revocar su dictamen.

A tenor con la normativa jurídica aplicable, solo en estamos autorizados a intervenir en las determinaciones de las agencias en las siguientes circunstancias: 1) cuando no está basada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la

aplicación de la ley, y (3) cuando ha mediado una actuación irrazonable o ilegal.

De un análisis del expediente ante nuestra consideración se desprende que el abogado de NSB presentó una moción para asumir la representación legal de la parte recurrente y así quedó constatada mediante el sistema electrónico del DACo. De dicho sistema se desprende la fecha en que se presentó, el título y el nombre de la persona que la presentó. Aunque surge de la *Resolución* recurrida que el DACo le anotó la rebeldía por su incomparecencia a la vista administrativa, toda vez que las notificaciones no fueron devuelvas por el correo, no estableció si la notificación fue a NSB o a su abogado. Sin embargo, tras la celebración de la vista administrativa, el DACo emitió la *Resolución*, mediante la cual declaró Ha Lugar la *Querella*, dictamen que afectó a NSB pues no estuvo presente y no presentó prueba a su favor.

Está claro que NSB recibió la notificación de la *Resolución* emitida por DACo adjudicando la *Querella*, en su dirección postal. Pues fue en virtud de ésta que presentó una solicitud de reconsideración. No obstante, nunca le notificó al abogado. El DACo acogió la solicitud, pero no la atendió dentro del término establecido en la LPAU. Por ello, NSB recurrió ante nos.

Según pormenorizamos, el debido proceso de ley requiere de la existencia de un interés libertario o propietario afectado. Como parte de los componentes básicos del debido proceso de ley se encuentra la notificación adecuada, la oportunidad de ser oído y de defenderse. En el ámbito cuasi judicial, les exige a las agencias administrativas notificar adecuadamente los dictámenes emitidos en los procedimientos adjudicativos. Véase, LPAU, *supra*, sec. 9654. También, según dispone la LPAU, la agencia notificará por escrito de la vista a todas las partes o a sus representantes autorizados. LPAU, *supra*, sec. 9649.

En el presente caso, NSB contaba con representación legal, cosa que informó al foro recurrido tan pronto como ocho (8) días después de radicada la *Querella*. Así que, el DACo debió notificar a la parte recurrente, por medio de su abogado, de la vista a celebrarse para adjudicar la controversia. Nótese que el abogado de NSB asumió representación legal el **24 de septiembre de 2024** y la *Resolución* fue emitida el **17 de marzo de 2025**, es decir, **aproximadamente seis (6) meses después**. Según pormenorizado precedentemente, el Tribunal Supremo ha establecido la necesidad de asegurarse de que el abogado de una parte, en un proceso administrativo, haya sido debidamente notificado, ya que es éste quien tiene la responsabilidad con el cliente.

En su consecuencia, el DACo, al celebrar la vista, y posteriormente adjudicar la *Querella* y emitir la *Resolución* en contra de NSB, le violentó el debido proceso de ley a la parte recurrente, por falta de notificación adecuada.

En virtud de todo lo anterior, procede revocar la *Resolución y Orden* recurrida, toda vez que la agencia incumplió con las exigencias de la LPAU, *supra*, dado a que no notificó al abogado de la parte recurrente de las incidencias del caso ante su consideración y por tanto, violentó el derecho de NSB a un debido proceso de ley en su vertiente procesal. Por lo cual, se devuelve el caso al DACo para que se atienda la *Querella* en sus méritos por medio de la celebración de una nueva vista, debidamente notificada a la parte recurrente y que cumpla con todas las garantías del debido proceso de ley.

**V.**

Por los fundamentos que anteceden, se revoca la *Resolución y Orden* recurrida y se devuelve el caso a la agencia para el trámite correspondiente.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

                              Lcda. Lilia M. Oquendo Solís
                         Secretaria del Tribunal de Apelaciones