Opinión disidente emitida por el
Juez Asociado Señor Rebollo López.
Hoy una mayoría de los integrantes del Tribunal —ha-ciendo gala de su “mollero decisorio” e interpretando, a su manera, los términos claros de un estatuto— resuelve que la Oficina del Comisionado de Seguros tiene plena autori-dad y discreción para violentar el debido proceso de ley al no estar obligado el Comisionado a celebrar una vista ad-ministrativa que, precisamente, la ley orgánica de dicha oficina claramente incorporó a los procedimientos que se llevan a cabo ante ésta.
Al así resolver, la Mayoría hace caso omiso del mandato contenido en los Arts. 14 y 15 del vigente Código Civil de Puerto Rico, y la jurisprudencia interpretativa de éstos, a los efectos de que “[c]uando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada ...” y que “[l]as palabras de una ley deben ser generalmente entendidas en su más corriente y usual significación ...”. 31 L.P.R.A. secs. 14 y 15. Por otro lado, la Mayoría ignora, como si no existiera, la jurisprudencia que claramente es-tablece que los derechos provistos por un estatuto forman parte del debido proceso de ley. Olivo v. Srio. de Hacienda, 164 D.P.R. 165 (2005); Colón Torres v. A.A.A., 143 D.P.R. 119 (1997). Veamos.
*921 I
Los recursos ante nuestra consideración hoy plantean una misma controversia, a saber: si el Art. 2.220 del Código de Seguros, 26 L.P.R.A. see. 222, exige que el Comisionado de Seguros celebre una vista cuando una parte afectada, por una orden previamente emitida por el Comisionado, así la solicita. Esto es, si la Oficina del Comisionado de Seguros, por imperativo de ley, se encuentra impedida de resolver casos, como los aquí en cuestión, mediante el me-canismo de sentencia sumaria. Exponemos a continuación los hechos medulares de cada uno de los recursos presentados.
AC-2007-14 — Oficina del Comisionado de Seguros v. Integrand Assurance Company
A finales del 2005, Carpets & Rugs Warehouses, Inc. (Carpets) solicitó a la Oficina del Comisionado de Seguros (O.C.S.) una investigación contra Integrand Assurance Company, Inc. (Integrand), por considerar que esta última no había atendido adecuadamente su reclamación bajo la póliza núm. CP7056076 para cubrir los daños ocasionados por un incendio en un edificio propiedad de Carpets. El 13 de octubre de 2005, la O.C.S. notificó a Integrand el inicio de una investigación en su contra para determinar si co-metió alguna violación al Código de Seguros de Puerto Rico o a su reglamento. Se le ordenó, a su vez, que presentara una contestación a la orden de investigación dentro del tér-mino establecido. Según requerido, Integrand presentó su contestación aduciendo argumentos a su favor e impug-nando la investigación en su contra.
Así las cosas, el 28 de marzo de 2006 la O.C.S. emitió una orden imponiendo a Integrand una multa administra-tiva de $20,000 por alegadas violaciones a los incisos (6) y (12) del Art. 27.161 del Código de Seguros, 26 L.P.R.A. see. 2716a(6) y (12), el inciso (1) del Art. 27.162 del Código de *922 Seguros, 26 L.P.R.A. sec. 2716b(l), y a la Carta Normativa N-I-4-52-2004.(1) En dicha orden, se le advirtió a Integrand lo siguiente:
De no estar de acuerdo el Asegurador con la acción tomada, se le ADVIERTE de su derecho a solicitar vista sobre los por-menores de esta Orden, dentro del término de veinte (20) días, contado a partir de la fecha de notificación de la misma. Con-forme al Artículo 2.220(2) del Código de Seguros de Puerto Rico ... la solicitud de vista deberá ser por escrito y deberá contener los fundamentos en que se basa tal solicitud. Se le advierte también al Asegurador de su derecho a comparecer a la vista asistido de abogado y traer consigo y someter toda la evidencia que considere necesaria para sostener sus alegaciones.

De solicitar vista dentro del término concedido, la acción tomada en el inciso 1 y 2 del primer párrafo de este POR TANTO quedar[á]n sin efecto legal alguno y, en ese caso, este escrito tendrá únicamente la naturaleza de un pliego de imputaciones.

De no solicitar vista dentro del término concedido, se enten-derá que el Asegurador renuncia a su derecho a ser oído, por lo que esta Orden dará lugar a una determinación final de la OCS. (Énfasis nuestro.) Recurso de Apelación Núm. AC-2007-14, Apéndice, págs. 77-78.
*923 Conforme a lo establecido en el Art. 2.220 del Código de Seguros y a lo advertido por la O.C.S. en su orden, Integrand presentó una solicitud de vista administrativa. Pos-teriormente, la división legal de la propia O.C.S. presentó una solicitud de resolución sumaria ante el oficial exami-nador que había sido asignado al caso. Integrand se opuso oportunamente a dicha solicitud aduciendo, en lo perti-nente, que el Art. 2.220 del Código de Seguros ordena la celebración de una vista en su fondo en todas aquellas ins-tancias en que una parte perjudicada por una orden del Comisionado la solicite. Ello no obstante, el oficial exami-nador dejó sin efecto el señalamiento de la vista adminis-trativa solicitada y, posteriormente, la Comisionada de Se-guros emitió una resolución sumaria, en la cual confirmó la orden previamente emitida contra Integrand.
De dicha determinación, Integrand acudió —mediante un recurso de revisión judicial— ante el Tribunal de Apelaciones. Adujo, en síntesis, que al adjudicar el caso de manera sumaria, la Comisionada de Seguros le privó de su derecho estatutario a una vista en su fondo. Señaló que el lenguaje empleado por el legislador en el Art. 2.220 del Código de Seguros no dejó espacio al ejercicio de la discre-ción administrativa, al establecer claramente que a solici-tud de parte afectada el Comisionado “celebrará” una vista.
El Tribunal de Apelaciones confirmó la resolución suma-ria de la Comisionada de Seguros. Entendió que no exis-tían hechos materiales en controversia que impidiesen que la Comisionada resolviera sumariamente el caso ante su consideración.
Inconforme, Integrand acudió —mediante un recurso de apelación— ante este Tribunal. Aduce, en lo pertinente, que el foro apelativo intermedio erró
...al dictaminar que no incidió en error la O.C.S. al disponer de la controversia que tenía ante sí sin reconocerle a Integrand su derecho estatutario a una vista administrativ[a], se- *924 gún reconocido por el Artículo 2.220 del Código de Seguros. Recurso de Apelación Núm. AC-2007-14, pág. 5.
AC-2007-17 — Comisionado de Seguros de Puerto Rico v. American International Insurance Company of Puerto Rico
El 15 de noviembre de 1999 Carmen R. Santos González solicitó la intervención de la O.C.S. en su reclamación por daños contra la Universidad de Puerto Rico, por entender que la compañía aseguradora de la universidad había de-negado, erróneamente, la cubierta luego de haber transcu-rrido alegadamente 18 meses desde el inicio de la reclamación. Tras varios trámites de rigor, el 19 de julio de 2005 la O.C.S. emitió una orden contra American International Insurance Company of Puerto Rico (AIICo) —com-pañía aseguradora— y Underwriters Adjustment Company, Inc. (Underwriters) —ajustador independiente— imponiéndole a cada una $1,000 de multa por alegadas vio-laciones al Art. 27.162(1) del Código de Seguros, ante. En dicha orden se le advirtió a AIICo y a Underwriters de su derecho a solicitar vista e, igualmente, se les informó que, de solicitar una vista dentro del término concedido, la ac-ción tomada contra ellos quedaría sin efecto legal alguno y la orden emitida tendría únicamente la naturaleza de un pliego de imputaciones.
Ante ello, AIICo y Underwriters solicitaron el señala-miento de una vista administrativa al amparo del Art. 2.220 del Código de Seguros. Conforme a lo solicitado, el Oficial Examinador de la O.C.S. señaló una vista adminis-trativa para el 20 de diciembre de 2005.
Posteriormente, la división legal de la O.C.S. presentó una moción de resolución sumaria. El oficial examinador emitió una resolución interlocutoria dejando sin efecto el señalamiento de la vista administrativa y le concedió un término a AIICo y a Underwriters para que presentaran su posición en torno a la moción de resolución sumaria. AIICo y Underwriters comparecieron y se opusieron a dicha soli-citud señalando que el Art. 2.220 del Código de Se- *925 guros otorga el derecho absoluto a una vista administra-tiva.
Tras varios incidentes procesales, el 9 de agosto de 2006 el Subcomisionado de Seguros emitió resolución sumaria. En ésta confirmó la orden previamente emitida contra AIICo y Underwriters. De dicha determinación, AIICo acu-dió ante el Tribunal de Apelaciones aduciendo que, me-diante la resolución sumaria del caso, se le privó de su derecho estatutario a una vista administrativa.
El Tribunal de Apelaciones confirmó la resolución suma-ria dictada por el Subcomisionado de Seguros. Señaló en su sentencia que AIICo no controvirtió de forma detallada y específica la solicitud de resolución sumaria presentada por la O.C.S. y que se limitó a argumentar la inaplicabili-dad de dicho mecanismo a los procedimientos ante la O.C.S.
Inconforme, AIICo acudió —mediante un recurso de apelación— ante este Tribunal. Alega, en lo pertinente, que el foro apelativo intermedio incidió
... al establecer que la OCS podía emitir su Resolución en forma sumaria y sin la previa celebración de una vista adju-dicativa, no obstante, el mandato ministerial contenido en la ley habilitadora de la OCS, en cuanto al deber de celebrar una vista adjudicativa y la solicitud realizada a estos efectos por la aseguradora AIICO. Recurso de Apelación Núm. AC-2007-17, pág. 9.
AC-2007-18 — Oficina del Comisionado de Seguros v. American International Insurance Company
El 5 de agosto de 2003 el Lie. Edgardo Santiago Lloréns solicitó de la O.C.S. que investigara el proceso de ajuste y resolución de la reclamación presentada por éste en repre-sentación de su cliente Jessica Rivera ante American International Insurance Company of Puerto Rico (AIICo), por los daños sufridos por Rivera al tropezar con las raíces de un árbol en las instalaciones del Recinto Metropolitano de la Universidad Interamericana. En su solicitud, Santiago 1 *926 Lloréns señaló que entendía que AIICo —compañía asegu-radora de la Universidad Interamericana— había violado la ley al alegadamente haber transcurrido más de 45 días sin que se notificara resolución alguna respecto a la reclamación.
La O.C.S. ordenó la investigación solicitada y, tras la comparecencia de AIICo para argumentar su posición, la Comisionada Auxiliar emitió una orden imponiéndole a AIICo una multa administrativa de $1,500 por alegadas violaciones a los Arts. 27.162(1), ante, y 27.040(5) del Có-digo de Seguros, 26 L.P.R.A. see. 2704(5).(2) En dicha orden —al igual que en las emitidas por la O.C.S. en los recursos previamente señalados— se advirtió a AIICo de su derecho a solicitar una vista y se le informó que, de solicitar la dentro del término establecido, la acción tomada en su contra quedaría sin efecto y la orden tendría únicamente la naturaleza de un pliego de imputaciones.
AIICo solicitó, entonces, la celebración de una vista administrativa. La oficial examinadora de la O.C.S. señaló la vista administrativa para el 1 de febrero de 2006. Pos-teriormente, la división legal de la O.C.S. presentó una moción de resolución sumaria y, en atención a ésta, la ofi-cial examinadora dejó sin efecto la vista señalada y conce-dió un término a AIICo para que expusiera su posición con relación a la resolución sumaria solicitada. AIICo se opuso aduciendo, en lo pertinente, que el Código de Seguros proscribe el uso de la sentencia sumaria. Ello, no obstante, la Comisionada de Seguros emitió una resolución sumaria confirmando la multa administrativa previamente im-puesta contra AIICo mediante una orden.
De dicha determinación, AIICo acudió ante el Tribunal de Apelaciones. Adujo, en síntesis, que la Comisionada de *927 Seguros erró al resolver sumariamente el caso, privándole así de su derecho a una vista administrativa.
El foro apelativo intermedio revocó la resolución suma-ria de la Comisionada de Seguros. Señaló en su sentencia que el Art. 2.220 obliga al Comisionado de Seguros a cele-brar una vista si la parte afectada por una orden la solicita y que en modo alguno autoriza a la agencia a dispensarse de reconocer ese derecho fundamental. Conforme a ello, ordenó la devolución del caso a la O.C.S. para la celebra-ción de la vista administrativa solicitada por AIICo.(3)
Inconforme, la O.C.S. acudió —mediante un recurso de apelación— ante este Tribunal. Aduce, en lo pertinente, que el foro apelativo intermedio incidió
... al resolver que el Artículo 2.220 del Código de Seguros obliga a la Oficina del Comisionado de Seguros a celebrar las vistas administrativas allí dispuestas siempre que las perso-nas perjudicadas así lo soliciten, aim en los casos en los que no existen controversias reales sobre sus hechos. Recurso de Ape-lación Núm. AC-2007-18, pág. 14.
El 16 de marzo de 2007 emitimos una resolución en la cual ordenamos la consolidación y expedición de los tres recursos presentados.
II
Es norma reiterada en nuestra jurisdicción que, como regla general, las Reglas de Procedimiento Civil no aplican automáticamente a los procedimientos administrativos. Otero v. Toyota, 163 D.P.R. 716 (2005); Pérez v. VPH Motor Corp., 152 D.P.R. 475 (2000). Es por ello que la aplicación de una u otra regla dependerá, en primera instancia, de lo *928 que dispongan al respecto la Ley de Procedimiento Admi-nistrativo Uniforme del Estado Libre Asociado de Puerto Rico y la ley habilitadora de la agencia. En ausencia de disposiciones específicas en los estatutos antes menciona-dos, hemos resuelto que las Reglas de Procedimiento Civil podrán utilizarse en procesos administrativos cuando pro-picien la solución justa, rápida y económica de la controversia y no obstaculicen la flexibilidad, agilidad y sencillez de los procedimientos administrativos. Otero v. Toyota, ante; Berrios v. Comisión de Minería, 102 D.P.R. 228 (1974).
En lo pertinente a la controversia ante nos, la See. 3.7(b) de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. see. 2157(b), dispone, en lo pertinente, que
(b) Si la agencia determina a solicitud de alguna de las par-tes y luego de analizar los documentos que acompañan la so-licitud de orden o resolución sumaria y los documentos inclui-dos con la moción en oposición, así como aquéllos que obren en el expediente de la agencia, que no es necesario celebrar una vista adjudicativa, podrá dictar órdenes o resoluciones suma-rias, ya sean de carácter final, o parcial resolviendo cualquier controversia entre las partes, que sea separable de las contro-versias, excepto en aquellos casos, donde la Ley Orgánica de la Agencia disponga lo contrario. (Enfasis nuestro.)(4)
Por otra parte, el Código de Seguros de Puerto Rico es el cuerpo legal que regula el derecho de seguros en nuestra *929 jurisdicción, incluyendo la figura del Comisionado de Segu-ros, sus deberes, facultades y los procedimientos a su dis-posición para descargar sus responsabilidades, entre éstos, las vistas administrativas. Al respecto, el antes mencio-nado Art. 2.220 del Código de Seguros, dispone:
Vistas
(1) El Comisionado celebrará las siguientes:
(a) Vistas requeridas por disposición dé este título.
(b) Vistas consideradas necesarias por el Comisionado para fines que caigan dentro del alcance de este título.
(c) Vistas solicitadas por cualquier persona perjudicada por algún acto, amenaza de acto, informe, promulgación, re-gla, reglamento u orden del Comisionado.
(2) Toda solicitud para una vista deberá ser por escrito, de-berá especificar los extremos en que la persona que la solicita ha sido perjudicada y los fundamentos en que. habrá de basar su solicitud. El Comisionado celebrará la vista así solicitada dentro de sesenta días después de recibir la solicitud, a menos que se posponga de común acuerdo. (Enfasis nuestro.)
I — I I — I I — I
Según previamente expuesto, nos corresponde resolver si el transcrito Art. 2.220 del Código de Seguros exige que el Comisionado de Seguros celebre una vista cuando una parte afectada por una orden suya así la solicita.
Luego de un detenido examen de las disposiciones lega-les en controversia, somos del criterio que él Art. 2.220 establece claramente que el Comisionado de Seguros tiene que celebrar una vista administrativa cuando una parte afectada por una orden la solicita oportunamente; ello por razón de que el lenguaje utilizado no da margen a una interpretación distinta.
Sabido es que el Art. 14 del Código Civil, ante, específi-camente dispone que “[c]uando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospre-ciada bajo el pretexto de cumplir su espíritu”. A su vez, el Art. 15 del Código Civil, ante, expresa que “[l]as palabras de una ley deben ser generalmente entendidas en su más *930 corriente y usual significación, sin atender demasiado al rigor de las reglas gramaticales, sino al uso general y popular de las voces”.
En el presente caso, la propia ley establece que el Comi-sionado “celebrará” la vista adjudicativa solicitada por la parte afectada por una orden. Ello, en el uso corriente, general y usual de las palabras, significa un mandato sobre el cual el Comisionado no tiene discreción alguna. En nin-gún momento el legislador utilizó el vocablo “podrá” u otro similar que nos permita interpretar lo contrario.
Tan es así que la propia O.C.S. dispuso en las órdenes que emitiera en los casos de epígrafe que la mera solicitud de una vista administrativa dentro del término concedido —que a su vez cumpla con los requisitos de forma estable-cidos en el inciso 2 del Art. 2.220— provoca o tiene la con-secuencia de dejar sin efecto la orden emitida y que ésta se convierta en un pliego de imputaciones. Ello es evidencia contundente de que, incluso, el propio Comisionado de Se-guros entiende que la celebración de la vista administra-tiva solicitada por la parte afectada es una obligación o mandato legal. Nótese que los efectos de la solicitud de una vista administrativa se condicionan, únicamente, a la pre-sentación oportuna de una solicitud por la parte afectada y no a que el Comisionado ejerza su discreción respecto a la concesión o no de la referida solicitud.
Aun cuando la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico faculta a las agencias a resolver sumariamente sus controversias y que esta ley aplica a los procedimientos adjudicativos ante la O.C.S.,(5) ésta indica que dicha facultad no aplica a las agencias cuya ley habilitadora disponga lo contrario. Aquí, *931 conforme a lo antes expuesto, la ley habilitadora de la O.C.S. prohíbe que se utilice el mecanismo de resolución sumaria cuando una parte afectada por una orden previa-mente emitida por el Comisionado solicita oportunamente una vista administrativa.
En su alegato ante este Tribunal, la O.C.S. nos señala que el inciso (2) del Art. 2.220 del Código de Seguros re-quiere que la parte afectada fundamente su solicitud de vista y que ello sugiere que el Comisionado no está obli-gado a celebrar la vista solicitada. No nos persuade. Ante el mandato claro que conlleva el uso del vocablo “celebra-rá”, las reglas de hermenéutica legal no nos facultan a in-terpretar que el requisito de fundamentar la solicitud equi-vale a que el Comisionado tiene la discreción de denegar la vista solicitada. No podemos darle a dicho requisito otro calificativo que no sea el de un requisito de forma, más cuando el legislador, luego de exponer que la solicitud debe estar fundamentada, dispuso que “[e]l comisionado cele-brará la vista así solicitada dentro de sesenta días después de recibir la solicitud, a menos que se posponga de común acuerdo”. (Énfasis nuestro.) 26 L.P.R.A. see. 222(2).
Dicho de otra manera, el que se exija que la solicitud se presente por escrito dentro del término concedido y que en ella se expongan los extremos en que la persona que la solicita ha sido perjudicada y los fundamentos en que basa su solicitud, son meramente requisitos de forma que la parte interesada tiene que cumplir para que se entienda oportunamente presentada la solicitud de vista. El reque-rir que se fundamente la solicitud facilita la función del Comisionado de Seguros, quien mediante la lectura de dicha solicitud conocerá los extremos de las controversias que serán planteadas, discutidas y resueltas en la vista administrativa. (6)
*932 Por otra parte, y como expresáramos al comienzo, cuando por estatuto se concede un derecho a la ciudadanía, éste entra a formar parte del debido proceso de ley. Olivo v. Srio. de Hacienda, ante. Siendo ello así, el incumplimiento de dicho derecho constituye una violación al derecho cons-titucional al debido proceso de ley. Colón Torres v. A.A.A., ante. Es por ello que coincidimos con las expresiones he-chas por el tribunal apelativo intermedio en lá sentencia emitida en el recurso AC-2007-18, a los efectos de que
... la ley habilitadora de la O.C.S. autorizó la adjudicación sumaria de asuntos, sin vista previa, [pero] si la parte afec-tada por esas adjudicaciones lo solicita, el Art. 2.220 obliga al Comisionado o Comisionada de Seguros a celebrar una vista formal en 60 días. Esa vista no es discrecional. La Ley no autoriza a la agencia a dispensarse de reconocer ese derecho fundamental; sólo puede hacerlo si la parte afectada con-cuerda con su posposición o dispensa. Se contempla, pues la acción sumaria, pero seguida de una vista formal, si se solicita. No se contempla en modo alguna otra acción sumaria, posterior a la primera. Que una agencia fiscalizadora adjudi-que y después presente una “moción de resolución sumaria” para negarle a una parte el “día en corte” que está recla-mando, sería contrario al derecho constitucional, específica-mente cuando se afectan derechos propietarios o libertarios de *933 las personas. (Enfasis suplido.) Apéndice del Recurso de Ape-lación Núm. AC-2007-18, pág. 12.
En ñn, resolveríamos que el Art. 2.220 del Código de Seguros exige que el Comisionado de Seguros celebre una vista administrativa cuando una parte afectada por una orden la solicita oportunamente. Esto es, una vez solici-tada oportunamente una vista administrativa por la parte afectada por una orden sumaria previamente emitida por el Comisionado, éste tiene que celebrar la vista solicitada y no podrá recurrir al mecanismo de resolución sumaria para resolver el asunto planteado ante su consideración. Resolver lo contrario sería avalar una actuación que trans-grede las disposiciones de la ley habilitadora de la O.C.S., la cual delimita el ámbito de acción de dicha agencia y del debido proceso de ley.
IV
Tomando en consideración lo antes expuesto, resulta forzoso concluir que en los tres recursos aquí en cuestión la O.C.S. privó a las respectivas compañías aseguradoras de su derecho a una vista administrativa.
En cada uno de los recursos presentados se hizo caso omiso de las solicitudes de vista oportunamente presenta-das por las compañías aseguradoras y se procedió a resolver sumariamente la controversia, luego de que la O.C.S. emitiese órdenes contra éstas, imponiéndoles multas admi-nistrativas por alegadas violaciones a distintas disposicio-nes del Código de Seguros. Dicha actuación fue contraria al mandato claro del Art. 2.220 del Código de Seguros, el cual, según previamente resuelto, exige que el Comisionado de Seguros celebre una vista administrativa si una parte afec-tada por una orden la solicita oportunamente.
Siendo así, procedería que se devuelvan los casos a la O.C.S. para que dicha agencia celebre las vistas adminis- *934 trativas solicitadas por las distintas compañías aseguradoras.(7)
V
En mérito de lo antes expuesto, dictaríamos sentencia revocatoria de los casos AC-2007-14 y AC-2007-17 y confir-matoria del caso AC-2007-18, y los devolveríamos a la Ofi-cina del Comisionado de Seguros para que se celebren las vistas administrativas solicitadas. Es por ello que disentimos.

 Los incisos (6) y (12) del Art. 27.161 del Código de Seguros, 26 L.P.R.A. see. 2716a(6) y (12), disponen que “[e]n el ajuste de reclamaciones ninguna persona in-currirá o llevará a cabo, cualquiera de las siguientes prácticas desleales: ... (6) No intentar de buena fe de llevar a cabo un ajuste rápido, justo y equitativo de una reclamación de la cual surja claramente la responsabilidad .... (12) Rehusar transi-gir rápidamente una reclamación cuando clara y razonablemente surge la responsa-bilidad bajo una porción de la cubierta, con el fin de inducir a una transacción bajo otra porción de la cubierta de la póliza”.
Por otra parte, el inciso (1) del Art. 27.162 del Código de Seguros, 26 L.P.R.A. sec. 2716b(l), dispone que “[l]a investigación, ajuste y resolución de cualquier recla-mación se hará en el período razonablemente más corto dentro de los primeros cua-renta y cinco (45) días después de haberse sometido al asegurador todos los docu-mentos que fueren necesarios para disponer de dicha reclamación. Sólo cuando medien causas extraordinarias se podrá extender ese primer período, pero tal exten-sión nunca podrá exceder el término de noventa días (90) desde la fecha en que se sometió la reclamación. En aquellos casos en que el asegurador necesite un término adicional a los noventa (90) días, deberá así solicitarse por escrito al Comisionado veinte (20) días antes del vencimiento de dichos noventa (90) días, debiendo también notificarse de ello al reclamante. Si el Comisionado entendiera que la solicitud de tiempo adicional es irrazonable, sea porque la misma no está debidamente justifi-cada o el tiempo adicional es excesivo, le notificará al asegurador que no procede dicha prórroga y que, por tanto, deberá disponer de la reclamación en el término reglamentario o dentro del término adicional que en dicha notificación se le concediera”.

 El Art. 27.040(5) del Código de Seguros dispone que “[n]inguna persona hará o divulgará oralmente o de alguna otra manera ningún anuncio, información, asunto, declaración o cosa que: ... (5) Contenga una aseveración, representación o declaración falsa, falaz o engañosa con respecto al negocio de seguros o con respecto a una persona en el manejo de su negocio de seguros”. 26 L.P.R.A. see. 2704(5).

 La Oficina del Comisionado de Seguros (O.C.S.) presentó una moción de reconsideración ante el Tribunal de Apelaciones. El Tribunal de Apelaciones emitió una resolución, en la cual denegó dicha moción y expuso nuevos fundamentos a favor de su determinación.

 Mediante la Ley Núm. 299 de 26 de diciembre de 2006 se enmendó la See. 3.7 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. see. 2157, para facultar a las agencias administrativas a dictar órdenes y resoluciones sumarias. En los recursos aquí en cuestión, la O.C.S. emitió las resoluciones sumarias previo a que se decretara esta enmienda. No obs-tante, debido al resultado al que llegamos, resulta innecesario discutir si antes de esta enmienda las agencias administrativas se encontraban o no facultadas para emitir órdenes o resoluciones sumarias, bajo la doctrina general que permite la apli-cación de las Reglas de Procedimiento Civil a los procedimientos administrativos siempre que propicien la solución justa, rápida y económica de la controversia y no obstaculicen la flexibilidad, agilidad y sencillez de los procedimientos adminis-trativos.

 Mediante el Reglamento Núm. 5330 de la Oficina del Comisionado de Segu-ros de 14 de noviembre de 1995, se dispuso que “[clualquier asunto relativo a los procedimientos administrativos que se lleven a cabo en la Oficina del Comisionado de Seguros de Puerto Rico que no esté provisto bajo la Regla IA será dirimido a tenor con la Ley de Procedimiento Administrativo Uniforme, según enmendada ... y con-forme a la jurisprudencia aplicable”.

 La O.C.S. también nos señala que el Art. 2.260 del Código de Seguros, 26 L.P.R.A. see. 226, el cual se promulgó previo a la aprobación de la Ley de Procedi-miento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, establece *932 un procedimiento de apelación, que dispone: “(1) [l]a apelación procederá únicamente contra una resolución del Comisio- nado emitida en un asunto en el que hubiere concedido vista, o de una orden del Comisionado denegando la vista.” La O.C.S. alega que de dicha disposición —la cual fue aprobada junto con el Art. 2.220 y que aún es la fuente sustantiva de autoridad para determinar qué determinaciones son revisa-bles mediante recurso de revisión judicial — • surge que las solicitudes de vista pueden ser denegadas, pues procedía una apelación, ahora revisión judicial, de una orden denegando la vista.
Es cierto que dicha disposición sugiere que el Comisionado puede denegar vistas. No obstante, una interpretación armoniosa del Art. 2.260 y del Art. 2.220 indica que la facultad de denegar una vista se refiere, únicamente, al subinciso (b) del Art. 2.220, el cual dispone que el Comisionado celebrará las vistas que considere necesarias. Como es de notar, el subinciso (b) es el único que mediante el uso del vocablo “considere” le otorga discreción al Comisionado en euanto a la concesión de una vista. Los otros dos subincisos, mediante los cuales se dispone que el Comisio-nado celebrará las vistas requeridas por el Código de Seguros y las vistas solicitadas por la parte afectada por un acto, informe, regla, reglamento u orden del Comisio-nado, no dejan margen para la discreción, por lo cuál las vistas bajo estos dos incisos son mandatorias.

 Debido al resultado que proponemos, resulta innecesario discutir los demás señalamientos de error, en los cuales las partes discuten la inexistencia o existencia de hechos materiales en controversia.